UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| KYLE O'DONNELL, et al., ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| vs. ) | No. 4:11-CV-1107 (CEJ) |
| ) | |
| SOUTHWESTERN BELL YELLOW ) | |
| PAGES, INC., ) | |
| ) | |
| Defendant. ) | |

**MEMORANDUM AND ORDER**

This matter is before the Court on the plaintiffs' motion for conditional certification of a collective action and for leave to issue a class notice. Defendant opposes the motion and the issues have been fully briefed.

**I.    Background**

Plaintiffs allege that defendant, their former employer, regularly failed to compensate them for time worked in excess of 40 hours per week in violation of the Fair Labor Standards Act (FLSA), 29 U.S.C. § 207 and 215(a)(2). Defendant operates two call centers in the St. Louis area from which telephone representatives sell advertising space. Plaintiffs were employed as telephone sales representatives at both locations. Plaintiffs bring this action individually and as a collective action on behalf of other similarly situated employees, pursuant to 29 U.S.C. § 216(b).

Plaintiffs also claim that defendant's actions violated Mo. Rev. Stat. § 290.500, which requires payment of a minimum wage and overtime to qualifying employees. The state law claim also purports to be brought on behalf of a class of similarly situated employees, but plaintiffs have not sought class certification under Fed. R. Civ. P. 23.

In support of their motion for conditional certification under the FLSA, the plaintiffs have submitted the affidavits of six former telephone sales representatives who worked at both of the defendant's call centers. The affiants state that they were required to perform duties before and after their shifts and that they were not compensated by defendant for the time required to complete these duties. The affiants also state that they were required to be logged in to their systems no later than the beginning of their shifts and could not log out earlier than the scheduled end of their shifts. This resulted in their working more than 40 hours per week, but only being compensated for 40 hours of scheduled shift time. They estimate that this unpaid time amounted to at least 15 minutes per day. Finally, the affiants estimate that there are at least 200 similarly situated employees.

One of defendant's arguments against certification is that it had a written policy that prohibited employees from working before or after their shift and from performing duties during uncompensated time. In support, defendants have submitted the plaintiffs' deposition testimony and a copy of the collective bargaining agreement that it claims governs plaintiffs' proposed class of employees.

## II.    Legal Standard

Section 7 of the FLSA prohibits an employer from subjecting non-exempt employees to a work week in excess of 40 hours unless the employee is compensated for overtime worked at a rate of at least one and one half his or her regular hourly wage. 29 U.S.C. § 207. Any employer who violates this restriction "shall be liable to the employee or employees affected in the amount of their … unpaid overtime compensation … and in an additional equal amount as liquidated damages." 29 U.S.C. § 216(b).

Section 216(b) provides that a plaintiff may bring suit under the FLSA "for and in behalf of himself or themselves and other employees similarly situated." 29 U.S.C. § 216(b). However, an employee does not become a party to the suit "unless he gives his consent in writing to become such a party and such consent is filed in the court in which such action is brought." Id.

The Eighth Circuit has not adopted a procedure for determining whether a group of employees is similarly situated or for obtaining the consent of those employees, but this Court has consistently employed the two-step process applied by the other circuits that have considered the issue. See, e.g., Beasely v. GC Services LP, 270 F.R.D. 442, 444 (E.D. Mo. 2010); Simmons v. Enter. Holdings, Inc., 4:10CV00625, 2011 WL 855669 (E.D. Mo. 2011); Ondes v. Monsanto Co., 4:11CV197 JAR, 2011 WL 6152858 (E.D. Mo. 2011). "Under this two-step process, the plaintiff first moves for class certification for notice purposes . . . Once the Court conditionally certifies the class, potential class members are given notice and the opportunity to 'opt-in.'" Kautsch v. Premier Communications, 504 F.Supp.2d 685, 688 (W.D. Mo. 2007). "At the second step of the process, the defendant may move to decertify the class. This is typically done after the close of discovery when the Court has much more information and is able to make a more informed decision." Id.

Because the preliminary certification is made with limited information and is conditional in nature, the "plaintiff's burden is not onerous." Dernovish v. AT&T Operations, Inc., 09-0015CVWODS, 2010 WL 143692 (W.D. Mo. 2010). "There is no need to show that the would-be members of the class are actually similarly situated or that they are identical, but the plaintiff must present some evidence to demonstrate the class members are similar in important respects and are subjected to similar

policies or circumstances." Id. (citing Huang v.. Gateway Hotel Holdings, 248 F.R.D. 225, 227 (E.D.Mo.2008); Kautsch, 504 F.Supp.2d at 689).

### III. Discussion

#### A. Conditional Certification

Defendant presents a number of arguments in opposition to plaintiffs' motion. First, defendant claims that the two-phase class certification procedure is not authorized under the FLSA and conflicts with the Federal Rules of Civil Procedure. Although defendant is correct that the Eighth Circuit has not addressed whether the two-phase procedure applied by the district courts in this Circuit is appropriate, the Court finds no reason why that procedure should not apply here. The Eighth Circuit has unequivocally held that "[t]here is a fundamental, irreconcilable difference between the class action described by Rule 23 and that provided for by the FLSA § 16(b)." Schmidt v. Fuller Brush Co., 527 F.2d 532, 535 (8th Cir. 1975). And, as plaintiffs have pointed out, this Court has repeatedly applied the two-phase procedure proposed by plaintiffs. See Beasely, 270 F.R.D. at 444; Simmons, 2011 WL 855669; Ondes v. Monsanto Co., 2011 WL 6152858. As such, the Court finds no reason to deviate from this trend and will apply the two-phase procedure discussed above.

Defendant next argues that even if the two-phase certification procedure applies, that plaintiffs have not met their burden for conditional certification. The Court disagrees. The affidavits submitted by plaintiffs support their allegation that defendant had a policy or combination of policies that required its telephone sales representatives to perform work before and after their official shift times without adequate compensation for that additional time. Plaintiffs' time slips, which have been submitted by defendant as exhibits to plaintiffs' deposition testimony, indicate that plaintiffs were

compensated for eight-hour shifts. This would tend to support their claim that they were paid for their scheduled shift hours, not the actual time they spent working. Moreover, the proposed class of employees to which plaintiffs seek leave to send notice only encompasses current and former telephone representatives at two call centers located in the St. Louis area. In light of this evidence, plaintiffs have satisfied the less-then-onerous burden required for conditional certification and class notice. Beasely, 270 F.R.D. at 444.

Defendant's reliance on its official written policies to disprove plaintiffs' claims is misplaced. Another court has addressed this same argument, stating:

> [O]f course there can be a difference between what employees are told verbally and what they are told in writing. There is no proof that Defendant actually follows its written policy. In any event, this argument relates to the merits and should not be resolved at this time.

Dernovish, 2010 WL 143692 *2. The Court agrees with this analysis and finds nothing to distinguish defendant's argument from the one rejected in Dernovish.

Next, defendant relies upon the Supreme Court's recent decision in Wal–Mart Stores, Inc. v. Dukes, 131 S.Ct. 2541, 2551 (2011) to argue that its telephone sales representatives are not similarly situated. Even assuming that Dukes is instructive in determining whether individuals are similarly situated under the FLSA, plaintiffs' class allegations here are distinguishable from those that were rejected in Dukes. Dukes emphasized that common questions alone did not justify class certification. Dukes, 131 S.Ct. 2541. Rather, it was common answers leading to liability on a class-wide claim that satisfied commonality. Id.  Here, the common question raised by plaintiffs is whether a policy or combination of policies by defendant resulted in its telephone sales representatives performing duties before or after their scheduled shifts without the level of compensation required by law. Instead of a nation-wide class, or where the

exempt from overtime status of the employees is at issue, see Ruiz v. Serco, Inc., 10-CV-394-BBC, 2011 WL 7138732 (W.D. Wis. Aug. 5, 2011), the proposed class here covers only non-exempt employees at two call centers in the St. Louis area. Plaintiffs' affidavits indicate that these employees performed the same function, used the same equipment, were subject to the same policies and were compensated in an identical manner. Thus, the relevant answer for the proposed class is likely to be consistent. The answer to next question—how much work went uncompensated—may indeed vary among the proposed class members. But this only implicates the amount of any damages, not the commonality of plaintiffs' claims.

Last, defendants cite to Prise v. Alderwoods Group, Inc., 817 F. Supp. 2d 651, 662 (W.D. Pa. 2011) to support their argument that a Rule 23, Fed. R. Civ. P., standard should apply here. Prise, however, is irrelevant as it addresses the decertification of a collective class following discovery of the opt-in plaintiffs' claims—a standard plaintiffs need not address at this preliminary stage.

### B.    The Proposed Notice and Consent Form

Defendant contends that, even if plaintiffs have satisfied their burden for leave to send a class notice, the notice proposed by plaintiffs is inappropriate. Defendant has submitted a document with numerous revisions and comments to plaintiffs' proposed notice and consent form, only some of which are addressed in its response. Plaintiffs have opposed some of defendant's changes, but have agreed to others "in an effort to compromise." (Doc. #31).   The Court finds that the remaining objections to the proposed notice and consent form raised by defendant—but not agreed to by plaintiffs—are without merit.

Apart from the changes agreed to by plaintiffs, the Court finds that revision of

the proposed notice is warranted to reflect that the statute of limitations for an FLSA overtime claim is calculated from the date a class member files his or her consent to opt in. <u>Beasely</u>, 270 F.R.D. at 444.  As such, the notice shall describe the potential class as those telephone sales representatives employed by defendant during the three-year period preceding this order. <u>Id.</u>  Finally, the 60-day opt-in period proposed by plaintiffs is appropriate. <u>Littlefield v. Dealer Warranty Services, LLC</u>, 679 F. Supp. 2d 1014, 1019 (E.D. Mo. 2010).

Accordingly,

**IT IS HEREBY ORDERED** that the motion of the plaintiffs for conditional certification and for leave to issue class notice [Doc. #24] is **granted**.

**IT IS FURTHER ORDERED** that the conditionally-certified class shall include all current and former telephone sales representatives who worked at defendant's Olivette and St. Louis call centers at any time during the three-year period immediately preceding the date of this order.

**IT IS FURTHER ORDERED** that defendant shall, not later than **June 5, 2012**, provide plaintiffs' counsel with a list of all potential class members. The list shall be provided in electronic format and shall include the name, last known residence address, and email address (if known) of each potential class member.

**IT IS FURTHER ORDERED** that the proposed notice (Doc. #25-1) and consent form (Doc. #25-2) submitted by plaintiffs are approved subject to the changes discussed herein.

**IT IS FURTHER ORDERED** that defendant shall conspicuously post the notice in the break rooms of its Olivette and St. Louis call centers during the opt-in period.

_____
CAROL E. JACKSON
UNITED STATES DISTRICT JUDGE

Dated this 17th day of May, 2012.